UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA M. SEARS,<br><br>          Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>          Defendant. | Case No. EDCV 17-1246 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND<br><br>[DOCKET NOS. 20, 25] |

## I. SUMMARY

On June 22, 2017, plaintiff Cassandra M. Sears filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 26, 2017 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 24, 2013, plaintiff filed an application for Supplemental Security Income alleging disability beginning on August 5, 2005, due to major depression, severe hallucinations, pain in her right heel, and lower back pain. (Administrative Record ("AR") 13, 151, 182). The Administrative Law Judge ("ALJ") examined the medical record and on February 22, 2016, heard testimony from plaintiff (who was represented by counsel) and a vocational expert. (AR 26-54).

On March 23, 2016, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 13-21). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: thoracic and lumbar strain, methamphetamine abuse in remission, borderline intellectual functioning, depression, and anxiety (AR 15); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 15-16); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 416.967(b)) with additional limitations[1] (AR 16); (4) plaintiff had no past relevant work (AR 19); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 19-20); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible insofar as they are not fully supported by the medical evidence of record (AR 17).

---

[1] The ALJ determined that plaintiff was also (i) limited to occasional postural limitations; (ii) precluded from using ladders, ropes, and scaffolds; and (iii) limited to the performance of simple routine tasks involving no public contact and only occasional contact with coworkers and supervisors. (AR 16).

On April 26, 2017, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

1 **B.    Federal Court Review of Social Security Disability Decisions**

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted). When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's

///

reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

### C. Evaluation of Medical Opinion Evidence

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians." 20 C.F.R. §§ 416.927(c)(1)-(2) & (e), 416.902, 416.913(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 416.927(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

A treating physician's opinion is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject the uncontroverted opinion of a treating physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating

5

physician's opinion is contradicted by another doctor's opinion, an ALJ may reject such opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted).

An ALJ may provide "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted). Nonetheless, an ALJ must provide more than mere "conclusions" or "broad and vague" reasons for rejecting a treating or examining physician's opinion. Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (citation omitted). "[The ALJ] must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Embrey, 849 F.2d at 421-22.

## IV. DISCUSSION

Plaintiff contends that the ALJ improperly rejected certain medical opinions provided by plaintiff's treating psychiatrist, Dr. Trust Hf. (Plaintiff's Motion at 6-8). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

For example, the ALJ stated that "mental health . . . progress notes through October 2013" reflected "no significant deficiencies in mental status and assess the [plaintiff's] overall condition as stable. . . ." (AR 17) (citing Exhibit 2F at 51, 72 [AR 302, 323]). Nonetheless, on the second page of the October 24, 2013, medication progress note the ALJ partially cited (*i.e.*, Exhibit 2F at 51 [AR 302]), Dr. Hf noted plaintiff's mood as "appropriate" but also "anxious" and "sad," and under "Assessment of Medication Efficacy," checked the box for "Other," making no mark in the boxes for "Stable" and "Symptomatic but Stable." (AR 303). In addition, in a "Narrative Report (Adult)" of the same date – which, as plaintiff

notes (Plaintiff's Motion at 6), the ALJ's decision does not appear to mention – Dr. Hf documented plaintiff's prognosis as "chronic" and "guarded," not "stable," found plaintiff to have "concrete" thought and mildly impaired "memory" and "judgment," and noted evidence of "depression" and "manic syndrome," along with a "negative symptom" of Avolition.[2] (AR 254). Dr. Hf also opined that plaintiff had no ability to "maintain a sustained level of concentration," to "sustain repetitive tasks for an extended period," to "adapt to new or stressful situations," or to "interact appropriately" with strangers, co-workers, and supervisors/ authority, and that she could "[not] complete [a] 40 [hour] work week without decompensating[.]" (AR 254). Moreover, in the October 28, 2013 "Narrative Report (Adult)" the ALJ cited (*i.e.*, Exhibit 2F at 72 [AR 323]), plaintiff's social worker, Ms. Sue Scott, diagnosed plaintiff with "major depressive [disorder], severe" and more precisely documented plaintiff's prognosis as "very guarded" (rather than stable, chronic, or guarded), noted that plaintiff had "disorganized [and] ruminative" thought, moderately impaired "judgment," intact "memory," "anxious" attitude, auditory and visual hallucinations, and "psychotic symptoms (delusions/paranoid thoughts) [that would] influence [plaintiff's] actions or behavior," and that there was evidence of "confusion," "depression," "anxiety," "isolation," and "inappropriate affect." (AR 323). Much like Dr. Hf, Ms. Scott also opined that plaintiff had significant limitations in concentration, persistence, and adaptation, plaintiff could not "interact appropriately" with most people, and plaintiff was unable to complete a full week of work without "decompensating." (AR 323).

   The ALJ's imprecise characterization of the records referenced above calls into question the validity of both the ALJ's evaluation of the medical evidence and

---

[2] Avolition has been defined as "failure to engage in goal-directed behavior, occasionally occurring in severe major depressive episodes." Avolition, American Psychological Association website, available at https://dictionary.apa.org/avolition.

7

the ALJ's decision as a whole.  See Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support ALJ's decision); Reddick, 157 F.3d at 722-23 (error for ALJ to paraphrase evidence in manner "not entirely accurate regarding the content or tone of the record"); see generally Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) (ALJ may not selectively rely on only portions of record which support non-disability) (citations omitted).

Similarly, the ALJ wrote "the [plaintiff's] mental status examinations, treatment history, and reported/observed functional abilities are not consistent with a diagnosis of intellectual disability or of specific limitations not accounted for in the above finding."  (AR 19) (citing Exhibit 11F [AR 439-68], and Exhibit 15F [AR 510-28]).  The ALJ's reliance on Exhibit 11F is misplaced, in part, since many of the treatment records in that exhibit expressly note that no mental status examination had been conducted at all (see, e.g., AR 439-53) or reflected incomplete results of mental status examinations (see, e.g., AR454-59, 468).  More significantly, however, it appears that the ALJ's decision failed properly to consider three separate narrative reports (i.e., from 6/9/14, 6/12/14, 11/30/15) in which Dr. Hf noted plaintiff's prognosis was "chronic [and] guarded[,]" reported mental status examinations which showed several mental impairments and/or significant psychological symptoms (i.e., depression, anxiety, panic episodes, avolition, social withdrawal, confusion, insomnia, Manic Syndrome, hostile attitude), and even wrote that "medications alone [were] not adequate for [plaintiff's] illness." (AR 401-03).  Dr. Hf again opined in each report that plaintiff had several significant limitations in mental functioning, including the complete inability to interact appropriately with supervisors/authority or complete a full week of work without "decompensating." (AR 401-03).  The ALJ neither expressly rejected Dr. Hf's opinions regarding significant impairment-related

mental limitations, nor appears to have included them in the residual functional capacity assessment for plaintiff. (See AR 16-19). The ALJ's apparent failure to account for such significant and probative medical opinion evidence was legal error. See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must provide an explanation when she rejects "significant probative evidence.") (citation omitted). Defendant suggests that the ALJ might have been able to reject Dr. Hf's opinions on other grounds. (Defendant's Motion at 4-7). Since the ALJ did not do so in the decision, however, this Court may not affirm the ALJ's non-disability determination on the additional grounds the defendant proffers. See Trevizo, 871 F.3d at 675 (citations omitted).

Finally, the Court cannot confidently conclude that the ALJ's errors were harmless. For example, at the administrative hearing the vocational expert testified that there would be no work that plaintiff (or a hypothetical person with plaintiff's characteristics) could do if such person "require[d] unscheduled breaks periodically during the course of a week" totaling "about four hours," or required "occasional reminders by a supervisor . . . four to six times during a workday to get back on task, to stay on task or speed up. . . ." (AR 52-53). Therefore, considering the foregoing specifically, as well as Dr. Hf's apparently unaddressed more significant mental limitations for plaintiff, and the overall record as a whole, the Court cannot say that the ALJ's errors discussed above were inconsequential to the ultimate nondisability determination.

Accordingly, a remand is warranted so the ALJ may reevaluate the medical evidence.

///
///
///
///
///

## V. CONCLUSION[3]

For the foregoing reasons, the decision of the Commissioner of Social Security is REVERSED in part, and this matter is REMANDED for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 28, 2019.

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[3]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[4]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted).